[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court attempted to obtain an agreement as to "Reservation of Law" to the Supreme Court. The court was informed that no matter who was the winner, the losing side would appeal. There is really no dispute as to the essential facts. There had been difficulties at the Correctional Institutions following the imposition of the subject tax and this court felt it appropriate to avoid providing a basis for a potential disturbance.
The parties have been unable to come to such an agreement.
On June 16, 1989, the plaintiff, Douglas E. Johnson, filed this action in two counts against the defendants, James F. Meehan, Commissioner of Revenue Services, and Larry R. Meachum, Commission of the Department of Correction. The defendants filed an answer along with special defenses on July 9, 1990. On July 20, 1990, the plaintiff filed a reply to defendants' special defenses and thereby closed the pleadings.
On April 15, 1991, the plaintiff filed a motion for summary judgment. In support of this motion, the plaintiff submitted a memorandum of law, an appended statement of undisputed facts, together with supporting affidavits and other documentary proof.
On May 28, 1991, the defendants filed a cross-motion for summary judgment, affidavits and an objection to plaintiff's motion for summary judgment. On June 13, 1991, the plaintiff filed a motion to strike the affidavits filed in support of defendants' cross-motion for summary judgment. On June 26, 1991, the defendants filed an objection to plaintiff's motion to strike affidavits in support of defendants' cross-motion for summary judgment.
It is undisputed that the plaintiff is an inmate at the Connecticut Correctional Institution in Somers. Plaintiff allegedly smokes one and one-half packs of cigarettes a day and purchases his cigarettes through the prison commissary.
General Statutes 12-297, until April 1, 1989, provided an exemption from the cigarette tax for cigarettes sold to "state institutions." As a result of an amendment to 12-297, Conn. Pub. Act No. 89-16, 28 (1989), effective April 1, 1989, the exemption no longer applies to cigarettes sold to "correctional institutions." The effect of the amendment to12-297 was to raise the costs of cigarettes plaintiff purchases, and it is this effect of which plaintiff complains. Plaintiff claims in count one that the amendment violates his right to CT Page 1505 equal protection under both the United States Constitution and the Connecticut Constitution; in count two, the plaintiff claims a violation of his right to due process under both constitutions. The plaintiff seeks a declaratory ruling that Conn. Pub. Act No. 89-16, 28 (1989) is unconstitutional, as well as an injunction prohibiting the defendants from enforcing or collecting taxes pursuant to the Act. In addition, plaintiff seeks costs and attorney's fees incurred in vindicating his federal and state constitutional rights. The plaintiff pleads that jurisdiction of the court is invoked under 42 U.S.C. § 1983
(hereafter 1983), and 1988 and General Statutes 52-1 and52-29.
I. General Statutes 12-297 by Conn. Pub. Act No. 89-16, 28 (1989) does not violate the plaintiff's right to equal protection.
Legislatures are allowed unusually wide latitude with regard to tax classifications and a plaintiff attacking a classification in a tax statute has the burden of showing that there is no conceivable rational basis to support it.
There is a rational basis for the distinction made in General Statutes 12-297 by Conn. Pub. Act No. 89-16, 28 (1989) between inmates of the Department of Correction and inmates or patients of other State institutions.
a) Inmates of the Department of Correction, unlike most persons in other State institutions, are not mentally or physically disabled, and are able to work.
b) Persons of other State institutions, unlike inmates of the Department of Correction, must pay their own living expenses.
c) The very high volume of cigarette sales at the Department of Correction facilities makes it possible for the Department of Correction to buy directly from manufacturers so as to reduce the cost of cigarettes to inmates.
d) The transient nature of the population at the Department of Correction facilities justifies the distinction.
The plaintiff's reliance on State v. Reed is misplaced. Reed involved the question of who was going to pay for the essential medical treatment that the plaintiff needed. Secondly, in this case it is undisputed that the plaintiff, as well as most inmates of the Department of Correction, have a much greater financial ability to pay the resultant higher cost of cigarettes.
II. General Statutes 12-297 by Conn. Pub. Act No. 89-16, 28 CT Page 1506 (1989) does not violate the plaintiff's right to due process.
The imposition of a tax upon cigarettes purchased by the Department of Correction does not amount to a "flagrant and palpable inequality between the burden imposed and the benefit received, as to amount to the arbitrary taking of property without compensation . . ." Miller v. Heffernan, 173 Conn. 506,517 (1977).
III. Prisoner rights.
Inmates are not wards of the state. A ward and a prisoner are not one and the same legally.
In the equal protection clause in the context of prisoners' rights cases, our Supreme Court has noted that the equal protection clause does not require equal or precisely equal advantages. Franklin v. Berger, 211 Conn. 591 (1989) citing Ross v. Moffit, 417 U.S. 600 (1974); and Daily v. New Britain Machine co., 200 Conn. 562 (1986).
Procedural due process, in the prison rules setting, attaches to state created entitlements. Kentucky Department of Corrections v. Thomkson, 109 S.Ct. 1904 (1989); accord Asherman v. Meachum, 213 Conn. 38 (1989). Department of Correction rules concerning access to and possession of cigarettes cited by the plaintiff nowhere suggest that an inmate is entitled to any particular amount of cigarettes, and certainly do not guarantee a price or exemption from excise tax. Thus, no procedural due process rights have been infringed here.
Plaintiff's substantive due process rights have not been violated. If the classification rationally furthers the purpose of the legislature, and that purpose is not impermissible, wholly economic legislation is constitutional. Considering the adverse health consequences known to be linked to smoking, any financial incentive provided by the legislature to help plaintiff change his smoking habit is a benefit, not an abuse.
General Statutes 12-297, as amended by Conn. Pub. Act. No. 89-16, 28, is valid as it does not violate the equal protection clause of the fourteenth amendment of the United States Constitution and article first, 20 of the Connecticut Constitution. The defendant's motion for summary judgment is granted.
John F. Walsh, Judge CT Page 1507